I write this Concurring Opinion in order to address the reasoning of the majority in arriving at its conclusion in this case. The majority relies on Mentor v. Walker (Dec. 30, 1988), Lake App. No. 12-243, unreported, for the proposition that a consensual encounter ripens into a seizure when a police officer opens a motor vehicle's door, with the driver in the vehicle, without his or her permission. The majority further utilizes the case to support its resolution of the matter by stating that appellant's behavior in the instant matter was less suspicious than the behavior of the occupants of the vehicle in Walker, thereby inferring that appellant's seizure here was clearly violative of his Fourth Amendment rights.
While I agree with the majority's determination that Walker
stands for the proposition that a consensual encounter ripens into a seizure when a police officer opens a motor vehicle's door, with the driver in the vehicle, without his or her permission, the facts of Walker are distinguishable from the case sub judice.
In Walker, the police officer discovered the appellant's vehicle in a bar parking lot after observing that its dome light was on and two male occupants were looking down in their laps. The officer had parked his cruiser in a neighboring lot and further observed that there was a great deal of movement between both occupants. Consequently, the police officer walked up to appellant's automobile and showed appellant his badge through the driver's side window. While showing his badge, appellant threw something on the floor of the car. The officer then opened the door of appellant's car and noticed a small amount of marijuana on the floorboard. The officer subsequently searched appellant and the other occupant and found cigarette papers in appellant's pocket and roaches in the car. Appellant was arrested for drug abuse. Importantly, in that case, we held that although the officer could approach the vehicle, the record made it clear that he did not have a reasonable belief that appellant had a weapon at that point in the temporal sequel. Thus, he lacked sufficient justification to open the car door.
The facts of our case are distinguishable since in this matter, appellant was found sleeping in his vehicle with the engine running and the headlights on. There were no other occupants in the vehicle and the vehicle was not found in a bar parking lot, but rather, a Hills department store. Although Patrolman Tkach did not observe any suspicious behavior on the part of appellant, other than a belief that he was sleeping, he could approach the vehicle on the basis of public safety concerns regarding whether appellant was encountering some sort of physical ailment. The encounter between appellant and Patrolman Tkach differs from the interaction in Walker by virtue of the fact that in this case, Patrolman Tkach tapped on the window three to four times, causing appellant to stir, before opening the door, where in Walker, the officer noticed appellant throw something on the floor as he spoke through the window.
Due to the factual disparity between Walker and the events in this matter, I believe that Walker is not entirely supportive of the majority's opinion except to the extent that its holding concerning the fact that the opening of a car door without the driver's permission constitutes a seizure there and here as well. Thus, I agree with the result the majority has reached in the instant matter.
DONALD R. FORD, JUDGE
 DISSENTING OPINION